IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RORY E. SHELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 11-573 |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

ORDER

AND NOW, this 2nd day of January, 2013, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

After a review of the record, the Court finds that the Administrative Law Judge ("ALJ")'s decision is supported by substantial evidence. Plaintiff contends that the ALJ erred at Steps Four and Five of the sequential process; his primary argument is that the ALJ erred in determining that Plaintiff retained the functional capacity ("RFC") to perform the full range of medium work and that this resulted in the ALJ asking the vocational expert a hypothetical question which did not include all of Plaintiff's limitations. The Court finds no merit to any of the arguments advanced by Plaintiff and finds that Plaintiff has failed to demonstrate that he was suffering from any disability on or before March 31, 2009, his date last insured.

It is well-established that in determining an individual's RFC, an ALJ need only include limitations which he finds to be credible and supported by the objective medical evidence of record. See Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 147 (3d Cir. 2007). Here, the Court finds that the ALJ gave due consideration to the hearing testimony, medical opinion evidence and treatment records in determining that Plaintiff retained the functional capacity to perform work up to the medium exertional level. The ALJ explicitly discussed why he found that Plaintiff's depression was a "non-severe impairment" and why it did "not cause more than minimal functional limitations." ALJ Determination (Doc. No. 6-2 at 15). Indeed, the ALJ analyzed and discussed the medical evidence at length and set forth his reasoning as to why he found that the medical evidence in conjunction with Plaintiff's daily activities demonstrated that he had the RFC to perform medium work. See (id. at 14-20). He noted that the only restrictions present in the record were imposed by a non-examining state agency physician, who opined that Plaintiff could perform sedentary work and could lift no more than 10 pounds. See (Doc. No. 6-9 at 3). The ALJ, however, disagreed with his opinion and noted that it was rendered in September of 2008, which was two months after Plaintiff underwent a cardiac catheterization. (Doc. No. 6-2 at 20). The ALJ found that the evidence justified "a less restrictive exertional capacity," which was "consistent with the balance of the medical evidence of record." (Id. at 20). In so finding, the ALJ discussed Plaintiff's July 15, 2008, discharge summary from his hospital admission for the catheterization procedure which stated that he was "cleared to drive the next day with no heavy lifting for the next two weeks." (Id. at 18). He also noted that Plaintiff "under[went] surgery for his coronary disease, which has resulted in significant improvement of his symptoms." (Id. at 20). Importantly, the ALJ discussed and relied on the opinion of Dr. Richard Seecof, Plaintiff's treating cardiologist, who recommended that Plaintiff undergo a stress test in August of 2008. (Id. at 19). Dr. Seecof stated that if the results of the stress test showed no ischemia, then there would be "no cardiac contraindication to the claimant returning to work." (Id.). The results of the test revealed no evidence of ischemia, and the ALJ was entitled to rely on

Dr. Seecof's opinion in finding that Plaintiff's heart condition did not render him unable to work. The Court further notes that an ALJ is not bound by an expert medical opinion and is free to discredit such an opinion based on his analysis of the record so long as he provides a sufficient rationale. See Balsavage v. Dir., OWCP, 295 F.3d 390, 396 (3d Cir. 2002). The Court finds that the ALJ adequately explained his reasoning for why he discredited the opinion of the non-examining state agency physician; the Court further finds that the ALJ sufficiently set forth his rationale underlying his RFC determination and properly excluded from the RFC any limitations that he found were not credibly established by the record. See Burns v. Barnhart, 312 F.3d 113, 129 (3d Cir. 2002). His finding that Plaintiff has the RFC to perform the full range of medium work therefore is substantially supported by the evidence.

In light of the ALJ's RFC determination, the Court finds that the hypothetical to the vocational expert was proper as it took into account Plaintiff's age, education, and experience and incorporated his credibly established limitations, which was only that he was unable to perform work at the heavy exertional level. See Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005). Indeed, the ALJ found that he could perform the full range of medium work and that even though he was prevented from "doing his past work as a laborer, which was heavy exertion," Plaintiff was not precluded "from doing other work that is less physically demanding." (Doc. No. 6-2 at 20). Thus the only limitation the ALJ found was an inability to lift at the heavy exertional level and he accounted for this in his hypothetical by asking for representative samples of medium and light work. Furthermore, the fact that the vocational expert testified that an individual who required "an hour break in the morning and an hour in the afternoon" would be unable to maintain employment is of no consequence, as there is no evidence in the record that Plaintiff needed a two-hour rest period each work day. See Hearing Transcript (Doc. No. 6-2 at 38). The ALJ acknowledged this in his decision and found that Plaintiff was "able to work within the parameters of the residual functional capacity adopted here." (Id. at 22). Thus, the Court finds that the vocational expert's testimony is supported by substantial evidence.

The Court also notes that the ALJ properly assessed Plaintiff's subjective complaints of disabling pain. The ALJ considered Plaintiff's complaints against the record as a whole and concluded after weighing the evidence that Plaintiff was "not credible to the extent that [he claims] his limitations are so severe that work activity is precluded." (Doc. No. 6-2 at 21). He discussed at length how Plaintiff's testimony conflicted with or was contradicted by the objective medical evidence. Although Plaintiff complained of shortness of breath, fatigue, and weakness because of a heart condition and high blood pressure, the ALJ noted that "testing shows that [his] heart is functioning satisfactorily," that his "hypertension is controlled on medication when he is complaint [sic]," and that "physical examinations have produced normal findings." (Id. at 20). The ALJ highlighted how Plaintiff had signed himself out of the hospital twice in July of 2008, against doctor's orders, and discussed how, despite cardiovascular problems and doctor's orders to stop smoking, Plaintiff is still smoking one half pack of cigarettes a day. (Id. at 19, 21). He also noted that Plaintiff testified that he walked to the hearing site which was approximately ten blocks, even though he testified earlier that "if he walks three blocks one way and three blocks back he feels like he has walked a mile and his chest feels heavy." (Id. at 17, 20-21). In the course of his discussion, the ALJ also explained why he found Plaintiff's neck and back issues to be non-disabling and why he determined that his complaints of disabling pain were only partially credible. (Id. at 17-21). The ALJ noted that Plaintiff's tests and examinations prior to March 31, 2009, revealed essentially normal findings with respect to x-rays that had been taken of his lumbar spine and chest. (Id. at 19). He pointed out that Plaintiff's

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

s/Alan N. Bloch<br>
United States District Judge

ecf:  Counsel of record

---

"treatment records from June 2009 to January 2010 showed treatment for complaints primarily of a two-month history of neck and back pain as well as numbness and tingling of his left hand" but that these records did not extend over a period of twelve months and did not support a finding of complete disability. (Id. at 20). Thus, after considering the record as a whole, the ALJ found that "the objective signs and clinical findings indicate a higher level of functioning than that alleged by [Plaintiff]," (Id. at 21), and concluded that his "symptoms are not of the severity as to be totally disabling, particularly for any 12 month period." (Id. at 19). Accordingly, the Court finds that the ALJ's ultimate finding of non-disability is supported by substantial record evidence.